UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RENEE FLETCHER,
Mother of the Minor T.F.,　　　　　　　　　　*
　　　　　　　　　　　　　　　　　　　　　　　*
　　　Plaintiff,　　　　　　　　　　　　　　　*
　　　　　　　　　　　　　　　　　　　　　　　*
　　　　　v.　　　　　　　　　　　　　　　　　*
　　　　　　　　　　　　　　　　　　　　　　　*　　Civil Action No. 14-30179-MGM
CAROLYN W. COLVIN,　　　　　　　　　　　　*
Acting Commissioner of Social Security,　　　　*
　　　　　　　　　　　　　　　　　　　　　　　*
　　　Defendant.　　　　　　　　　　　　　　　*

MEMORANDUM AND ORDER REGARDING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT AND DEFENDANT'S
MOTION FOR ORDER AFFIRMING COMMISSIONER
(Dkt. Nos. 20 and 22)

June 2, 2016

3
MASTROIANNI, U.S.D.J.

I.　　INTRODUCTION

This is an action for judicial review of a final decision by Carolyn Colvin, the acting Commissioner of the Social Security Administration ("Commissioner"), regarding a child's entitlement to Supplemental Security Income ("SSI") pursuant to 42 U.S.C. § 1383(c)(3) (referring to 42 U.S.C. § 405(g)). Renee Fletcher ("Plaintiff"), proceeding *pro se*, asserts the Commissioner's decision denying her son "T.F." such benefits—memorialized in an August 23, 2013 decision of an administrative law judge ("ALJ")—is in error. She has filed a motion for summary judgment seeking to reverse the decision and the Commissioner, in turn, has moved to affirm.[1]

---

[1] In light of the Social Security Procedural Order issued on July 23, 2015 (Dkt. No. 10), the court has explained that it construes Plaintiff's motion for summary judgment as a motion for order reversing the commissioner's decision. (Dkt. No. 21.) The characterization of Plaintiff's motion has no impact on the court's analysis.

For the reasons set forth below, the court allows the Commissioner's motion and denies Plaintiff's motion. The parties are familiar with the facts and procedural history[2] of this case.

## II.    STANDARD OF REVIEW

The role of a district court reviewing an administrative law judge's decision is limited to determining whether the conclusion was supported by substantial evidence and based on the correct legal standard. *See* 42 U.S.C. §§ 405(g) and 1983(c)(3); *Manso-Pizarro v. Sec'y of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). The Supreme Court has defined substantial evidence as "more than a mere scintilla." *Richardson v. Perales,* 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB,* 305 U.S. 197, 229 (1938)). Even if the administrative record could support multiple conclusions, a court must uphold the Commissioner's findings "if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support his conclusion." *Irlanda Ortiz v. Sec'y of Health & Human Servs.,* 955 F.2d 765, 769 (1st Cir. 1991) (quoting *Rodriguez v. Sec'y of Health & Human Servs.,* 647 F. 2d 218, 222 (1st Cir. 1981)). Additionally, it is the Commissioner's responsibility to weigh conflicting evidence and decide issues of credibility. *Rodriguez,* 647 F.2d at 222.

## III.    DISABILITY STANDARD AND THE ALJ'S DECISION

Unlike most *adult* SSI disability cases handled by this court, the instant action involves *childhood* benefits that are determined under different standards. *Compare, e.g.*, *Robert v. Astrue*, 688 F. Supp. 2d 29, 34-35 (D. Mass. 2010), *with Ortiz Rosado v. Barnhart*, 340 F. Supp. 2d 63, 64-65 (D. Mass.

---

[2] Plaintiff filed this action October 9, 2014, and the Commissioner filed her answer and the administrative record on December 22, 2014. (Dkt. Nos. 1, 8, and 9.) On November 11, 2015, the Commissioner filed a motion to dismiss for failure to prosecute, citing Plaintiff's failure to file a motion despite the court's procedural order directing her to do so within 42 days after the Commissioner filed an answer. (Dkt. No. 12.) On December 12, 2015, the court granted the commissioner's motion and dismissed the action for failure to prosecute. (Dkt. Nos. 14 and 15.) Thereafter, however, Plaintiff filed a motion to re-open the case, which the court granted, and the parties filed the motions presently before the court. (Dkt. Nos. 17, 18, 20, and 22.)

2004). For a child to be found disabled and entitled to SSI benefits, he must meet the standards of the Personal Responsibility and Work Opportunity Reconciliation Act of 1996, Public Law 104-193 (the "PRWORA"), enacted on August 22, 1996. As codified, the PRWORA provides as follows:

> An individual under the age of 18 shall be considered disabled for the purposes of this subchapter if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 1382c(a)(3)(C)(i). Prior to 1996, Social Security Administration regulations had required individualized functional assessments ("IFA") for each child. *See Encarnacion ex rel. George v. Astrue*, 568 F.3d 72, 74-75 (2d Cir. 2009) (describing the history of SSI child disability standards). The PRWORA eliminated the IFA procedure and promulgated more stringent child disability standards. *See id.*

In response to the PRWORA, the Commissioner established a three-step protocol for determining whether a child under age eighteen is disabled. *See Beliveau v. Apfel*, 154 F. Supp. 2d 89, 93 (D. Mass. 2001) (citing 20 C.F.R. § 416.924). First, the Commissioner must determine whether the child is engaging in "substantial gainful activity." *Id.* (citing 20 C.F.R. § 416.924(b)). If not, the Commissioner proceeds to step two to determine whether the child has an impairment or combination of impairments that are "severe." *See id.* (citing 20 C.F.R. § 416.924(c)). At step three, the Commissioner must determine whether the severe impairment meets, medically equals, or functionally equals an impairment listed in the "Listing of Impairments" from Appendix 1 of Subpart P of the Commissioner's regulations. *See id.* (citing 20 C.F.R. § 416.924(d)).

An impairment *medically* equals a listing "if it is at least equal in severity and duration to the criteria of any listed impairment." 20 C.F.R. § 416.926(a). Conversely, *functional* equivalency may be measured in "domains," which include (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating

objects, (5) caring for oneself, and (6) health and physical well-being. *See* 20 C.F.R. § 416.926a(b)(1). To qualify as functionally equivalent to a listing, the child's impairment "must result in [either] 'marked' limitations in two domains of functioning or an 'extreme' limitation in one domain." 20 C.F.R. § 416.926a(a). The child has a "marked" limitation—*i.e.*, one "that is 'more than moderate' but 'less than extreme'"—when the impairment "interferes seriously with [the child's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2)(i). The child has an "extreme" limitation—*i.e.*, "the rating [the Commissioner] give[s] to the worst limitations"—when the impairment "interferes very seriously with [the child's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(3)(i). At this third step, if the Commissioner determines that the child's impairment does not meet, medically equal, or functionally equal a "listed" impairment, the child will be deemed "not disabled." *See Beliveau*, 154 F. Supp. 2d at 93 (citing 20 C.F.R. § 416.924(d)).

In the instant action, the ALJ found as follows with respect to these three steps: T.F. had not engaged in any substantial gainful activity (step one); T.F. suffers from impairments that are "severe," namely, asthma and attention deficit hyperactivity disorder ("ADHD"), but those impairments do not meet or medically equal one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; and with regard to "functional equivalency," T.F. has no "marked" or "extreme" limitations in any domain (steps two and three). The ALJ found "less than marked limitations" in the domains of (1) acquiring and using information, (2) attending and completing tasks, (5) caring for oneself, and (6) health and physical well-being; the ALJ found no limitations in the domains of (3) interacting and relating with others and (4) moving about and manipulating objects. Given the absence of "marked" limitations in two domains or "extreme" limitations in one domain, the ALJ concluded that T.F. was not disabled.

IV. DISCUSSION

Plaintiff summarily argues that, contrary to the ALJ's decision, T.F. meets the requirements for disability, citing "multiple comprehensive medical reports" and T.F.'s Individual Education Plan ("IEP"), which Plaintiff attached to the complaint. Plaintiff also asserts she has "additional evidence" she would like "to submit to the court to use to determine he is disabled," without explaining the nature of this "additional evidence" or whether it was considered or available at the administrative level. The Commissioner contends that substantial evidence in the record supports the ALJ's findings, citing the applicable standards, the medical evidence, and the ALJ's detailed findings with regard to the six functional domains. The court agrees with the Commissioner.

Preliminarily, as the Commissioner explains, Plaintiff's conclusory arguments and general reliance on "medical reports" and T.F.'s IEP are not sufficient to carry her burden of proving disability or reversible error on the part of the ALJ. Moreover, contrary to Plaintiff's assertion, a child is not considered disabled simply because he has an impairment which is expected to last longer than a year. Rather, the impairment must "result[] in marked and severe functional limitations." 42 U.S.C. § 1382c(a)(3)(C)(i). The court finds substantial evidence supports the ALJ's determination that T.F.'s impairments do not meet this standard. In this regard, the court notes that the mere existence of some evidence in support of Plaintiff's position "or, indeed, evidence contrary to the ALJ's findings, does not extinguish the substantial evidence supporting the ALJ's findings. Plaintiff must show not only the existence of evidence in the record *supporting* [her] position but must also demonstrate that the evidence relied on by the ALJ is either insufficient, incorrect, or both." *Perez v. Colvin*, 2014 WL 6905599, at *3 (D. Mass. Dec. 4, 2014) (quoting *Greene v. Astrue*, 2012 WL 1248977, at * 3 (D. Mass. Apr. 12, 2012)); *see also Mims v. Colvin*, 2015 WL 3874890, at *4 (D. Mass. June 23, 2015) ("When reviewing an ALJ's determination, the relevant question is not whether

evidence in the record can support another conclusion, but whether the ALJ's conclusion is supported by substantial evidence in the record.").

In a comprehensive decision, the ALJ appropriately weighed the conflicting evidence and adequately explained her findings. For example, in granting "little weight" to one assessment conducted by Dr. Peggy Chien, the ALJ explained that the assessment was inconsistent with the results of mental status examinations, objective tests, and the records provided by T.F.'s schools, which generally indicated cognitive, behavioral, attention, and social abilities in the average range. (Administrative Record "A.R." at 70, 197-213, 243-57, 271-78, 475-78, 488-519, 522-31.) The ALJ also explained that progress notes from River Valley Counseling indicated T.F.'s ADHD symptoms improved with the use of medication. (*Id.* at 70, 540, 544, 546.) These explanations, which are supported by evidence in the record, are sufficient for granting less than controlling weight to Dr. Chien's May 1, 2013 assessment.

As for the additional evidence Plaintiff has provided and offers to provide, the court concludes such evidence does not support a remand. First, as the Commissioner points out, much of the evidence attached to Plaintiff's complaint and submitted to the Appeals Council post-dates the ALJ's decision. Accordingly, this evidence is not relevant to the time period which was under consideration by the ALJ. *See* 20 C.F.R. § 416.1476(b)(1). Second, Plaintiff has not demonstrated that the Appeals Council's refusal to review the ALJ's decision in spite of the evidence submitted by Plaintiff was based on "an egregiously mistaken ground" or that "the evidence is material *and* good cause [exists] for the failure to present it on a timely basis." *Mills v. Apfel*, 244 F.3d 1, 5 (1st Cir. 2001) (citing 42 U.S.C. § 405(g)). In this regard, the evidence is largely cumulative of information already in the record, namely, T.F.'s 2013 IEP, and, as to evidence predating the ALJ's decision, Plaintiff has not explained that this evidence was unavailable at the time of the hearing before the ALJ. Therefore, Plaintiff's arguments based on additional evidence do not warrant a remand.

V.  CONCLUSION

For these reasons, the court DENIES Plaintiff's Motion for Summary Judgment (Dkt. No. 20) and ALLOWS Defendant's Motion for Order Affirming Decision of the Commissioner (Dkt. No. 22). The clerk shall enter judgment for the Commissioner, and this case may now be closed.

It is So Ordered.

  /s/ Mark G. Mastroianni  
MARK G. MASTROIANNI
United States District Judge